**NORMA A. AGUILAR**
California State Bar No. 211088
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
E-Mail: norma_aguilar@fd.org

Attorneys for Mr. Chavez-Nunez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILYN L. HUFF)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  08CR1622-MLH |
| Plaintiff, | ) | DATE: JULY 14, 2008 |
| | ) | TIME:  2:00 P.M. |
| v. | ) | |
| | ) | NOTICE OF MOTIONS AND MOTIONS TO: |
| ROBERTO CHAVEZ-NUNEZ, | ) | |
| Defendant. | ) | (1)  COMPEL DISCOVERY/PRESERVE EVIDENCE; AND |
| | ) | (2)  GRANT LEAVE TO FILE FURTHER MOTIONS |

TO:    KAREN HEWITT, UNITED STATES ATTORNEY, AND
DALE BLANKENSHIP, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on July 14, 2008 at 2:00 p.m., or as soon thereafter as counsel may

be heard, defendant, Elias Chavez-Nunez, by and through his attorney,  Norma A. Aguilar, will ask this

Court to enter an order granting the following motions.

//

//

//

//

1

## MOTIONS

2    Defendant, Roberto Chavez-Nunez, by and through his attorney, Norma A. Aguilar and Federal

3  Defenders of San Diego Inc., asks this Court pursuant to the United States Constitution, the Federal Rules

4  of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

5      (1)    Compel Discovery/Preserve Evidence; and
       (2)    Grant Leave to File Further Motions.
6

7    These motions are based upon the instant motions and notice of motions, the attached statement of

8  facts and memorandum of points and authorities, the files and records in the above-captioned matter, and

9  any and all other materials that may come to this Court's attention prior to or during the hearing of these

10  motions.

11                                        Respectfully submitted,

12
                                          /s/ Norma A. Aguilar
13  Dated: June 30, 2008                  **NORMA A. AGUILAR**
                                          Attorney for Mr. Chavez-Nunez
14                                        norma_aguilar@fd.org

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**NORMA A. AGUILAR**
California State Bar No. 211088

2

225 Broadway, Suite 900
San Diego, CA 92101-5030

3

(619) 234-8467/Fax: (619) 687-2666
E-Mail: norma_aguilar@fd.org

4

5

Attorneys for Mr. Roberto Chavez-Nunez

6

7

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILYN L. HUFF)**

10

11

UNITED STATES OF AMERICA,                    )     CASE NO.  08CR1622-MLH
                                             )

12

                           Plaintiff,        )     DATE: JULY 14, 2008
                                             )     TIME:  2:00 P.M.

13

v.                                           )
                                             )

14

ROBERTO CHAVEZ-NUNEZ,                        )     MEMORANDUM OF POINTS AND
                                             )     AUTHORITIES IN SUPPORT OF
                                             )     DEFENDANT'S MOTIONS

15

                           Defendant.        )
                                             )

16

                                             )
                                       **I**.

17

**STATEMENT OF FACTS**[1]

18

19

        At 12:05 a.m., on April 24, 2008, Border Patrol Agent Caliri was patrolling an area located near

20

Imperial Beach.  Allegedly, Agent Caliri found Mr. Chavez-Nunez, questioned him about his citizenship

21

status and placed him under arrest.

22

        The Grand Jury returned an indictment against Mr. Chavez-Nunez, charging him with Deported

23

Alien Found in the United States, in violation of 8 U.S.C. § 1326.

24

//

25

//

26

27

        [1]  Unless otherwise stated, the "facts" referenced in these papers come from government-produced

28

discovery that the defense continues to investigate.  Mr. Chavez-Nunez does not admit the accuracy of this
information and reserves the right to challenge it at any time.

08CR1622-MLH

## II.

## <u>MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE</u>

To date Mr. Chavez-Nunez has received limited discovery. He specifically requests an opportunity to review the A-file as its review will be essential to his defense and to determine whether he has a challenge to the indictment.

Mr. Chavez-Nunez moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. <u>See generally</u> <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995); <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989).

(1) <u>The Defendant's Statements</u>. The Government must disclose to the defendant <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal <u>all</u> the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u>. The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced <u>in their entirety</u>, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). <u>See also</u> <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available

1   under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i).  Preservation of rough notes

2   is requested, whether or not the government deems them discoverable.

3       (3) <u>Brady Material</u>.  Mr. Chavez-Nunez requests all documents, statements, agents' reports, and

4   tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the

5   government's case.  Impeachment as well as exculpatory evidence falls within <u>Brady's</u> definition of evidence

6   favorable to the accused.  <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S.

7   97 (1976).

8       (4)  <u>Any Information That May result in a Lower Sentence Under The Guidelines</u>.  As discussed

9   above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  This request includes

10  any cooperation or attempted cooperation by the defendant, as well as any information that could affect any

11  base offense level or specific offense characteristic under Chapter Two of the Guidelines.  Also included

12  in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's

13  criminal history, or any other application of the Guidelines.

14      (5) <u>The Defendant's Prior Record</u>.  Evidence of prior record is available under Fed. R. Crim. P.

15  16(a)(1)(B).  Counsel specifically requests a complete copy of any criminal record.

16      (6) <u>Any Proposed 404(b) Evidence</u>.  Evidence of prior similar acts is discoverable under Fed. R.

17  Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon

18  request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the

19  general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.

20  The defendant requests that such notice be given three weeks before trial in order to give the defense time

21  to adequately investigate and prepare for trial.

22      (7) <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant,

23  is discoverable under Fed. R. Crim. P. 16(a)(1)(C).

24      (8) <u>Request for Preservation of Evidence</u>.  The defense specifically requests that all dispatch tapes

25  or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody,

26  or care of the government and which relate to the arrest or the events leading to the arrest in this case be

27  preserved.  This request includes, but is not limited to, <u>all persons who were apprehended as passengers in</u>

28  <u>the van at issue in the instant case</u>, the results of any fingerprint analysis, the defendant's personal effects,

the vehicle, and any other evidence seized from the defendant or any third party.  It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to inform those parties to preserve any such evidence.

(9) <u>Tangible Objects</u>.  The defense requests, under Fed. R. Crim. P. 16(a)(1)(C) the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.  Specifically, Mr. Chavez-Nunez requests a copy of the videotape interview of the material witness, if one exists.

(10) <u>Evidence of Bias or Motive to Lie</u>.  The defense requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988).

(11) <u>Impeachment evidence</u>.  Mr. Chavez-Nunez requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under <u>Brady v. Maryland</u>, <u>supra</u>.  <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

(12) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defense requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

(13) <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>.  Mr. Chavez-Nunez requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

08CR1622-MLH

1  United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th

2  Cir. 1980).

3       (14) Witness Addresses. The defense requests the name and last known address of each prospective

4  government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker,

5  716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United

6  States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979)) (defense has equal right to talk to witnesses). The

7  defendant also requests the name and last known address of every witness to the crime or crimes charged

8  (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.

9  United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

10       (15) Name of Witnesses Favorable to the Defendant. Mr. Chavez-Nunez requests the name of any

11  witness who made any arguably favorable statement concerning the defendant or who could not identify him

12  or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainright, 390 F.2d

13  288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d

14  1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979),

15  cert. denied, 444 U.S. 1086 (1980).

16       (16) Statements Relevant to the Defense. Mr. Chavez-Nunez requests disclosure of any statement

17  that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux,

18  685 F.2d 1105 (9th Cir. 1982). This would include Grand Jury transcripts which are relevant to the defense

19  motion to dismiss the indictment.

20       (17) Jencks Act Material. The defense requests all material to which Mr. Chavez-Nunez is entitled

21  pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A

22  verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is

23  sufficient for the report or notes to qualify as a statement under § 3500(e)(1). Campbell v. United States,

24  373 U.S. 487, 490-92 (1963).

25       (18) Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant

26  requests all statements and/or promises, expressed or implied, made to any government witnesses, in

27  exchange for their testimony in this case, and all other information which could arguably be used for the

28  impeachment of any government witnesses.

08CR1622-MLH

1    (19) <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(D), the

2    defendant requests the reports of all tests and examinations conducted upon the evidence in this case.

3    Including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within

4    the possession, custody, or control of the government, the existence of which is known, or by the exercise

5    of due diligence may become known, to the attorney for the government, and which are material to the

6    preparation of the defense or are intended for use by the government as evidence in chief at the trial.

7    (20) <u>Henthorn Material</u>. The defense requests that the prosecutor review the personnel files of the

8    officers involved in his arrests, and those who will testify, and produce to him any exculpatory information

9    at least two weeks prior to trial and one week prior to the motion hearing. <u>See</u> <u>United States v. Henthorn</u>,

10   931 F.2d 29 (9th Cir. 1991). In addition, he requests that if the government is uncertain whether certain

11   information is to be turned over pursuant to this request, that it produce such information to the Court in

12   advance of the trial and the motion hearing for an <u>in</u> <u>camera</u> inspection.

13   (21) <u>Informants and Cooperating Witnesses</u>. Mr. Chavez-Nunez requests disclosure of the names

14   and addresses of all informants or cooperating witnesses used or to be used in this case. The government

15   must disclose the informant's identity and location, as well as disclose the existence of any other percipient

16   witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957).

17   Mr. Chavez-Nunez also requests disclosure of any information indicating bias on the part of any informant

18   or cooperating witness. <u>Giglio v. United States</u>, 405 U.S. 150 (1972). Such information would include

19   inducements, favors, payments, or threats made to the witness to secure cooperation with the authorities.

20   (22) <u>Expert Witnesses</u>. The defendant requests disclosure of any expert witnesses the government

21   intends to call at trial and "a written summary of testimony that the government intends to use," including

22   the "witnesses' opinions, the bases and the reasons for those opinions" and his or her qualifications. Fed.

23   R. Crim. P. 16(a)(1)(E).

24   (23) <u>Residual Request</u>. The defense intends by this discovery motion to invoke his rights to

25   discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution

26   and laws of the United States. This request specifically includes all subsections of Rule 16. Mr. Chavez-

27   Nunez requests that the government provide him and his attorney with the above requested material

28   sufficiently in advance of trial.

1

**III.**

2

**REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

3      To date, Mr. Chavez-Nunez and defense counsel have received limited discovery from the

4 government. In particular, he has not received any tapes for the purported deportation. It is anticipated that

5 as new information comes to light, the defense will likely find it necessary to file further motions.

6 Therefore, it is requested that defense counsel be allowed the opportunity to file further motions based upon

7 information gained through the discovery process.

8

**IV.**

9

**CONCLUSION**

10      For the reasons stated above, Mr. Chavez-Nunez moves this Court to grant his motions.

11

12                                              Respectfully submitted,

13                                              */s/ Norma A. Aguilar*
       Dated: June 30, 2008                     **NORMA A. AGUILAR**
14                                              Attorney for Mr. Chavez-Nunez
                                                norma_aguilar@fd.org
15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08CR1622-MLH |
| | ) | |
| v. | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| ROBERTO CHAVEZ-NUNEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Counsel for Defendant certifies that the foregoing pleading, is true and accurate to the best of her information and belief, and that a copy of the foregoing has been electronically served this day upon:

Dale Blankenship, Assistant United States Attorney
880 Front Street
San Diego, CA  92101

Dated: June 30, 2008

 /s/ Norma A. Aguilar
**NORMA A. AGUILAR**
Federal Defenders
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467  (tel)
(619) 687-2666  (fax)
Email: norma_aguilar@fd.org