KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant U.S. Attorney
California State Bar No. 235960
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199/(619) 235-2757 (Fax)
Email: Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No.  08CR1622-H |
| Plaintiff, ) | Date: July 14, 2008 |
| ) | Time: 2:00 p.m. |
| v. ) | |
| ) | GOVERNMENT'S RESPONSE AND |
| ROBERTO CHAVEZ-NUNEZ, ) | OPPOSITION TO DEFENDANT'S MOTIONS |
| ) | TO: |
| Defendant. ) | |
| ) | (1)   COMPEL DISCOVERY; AND |
| ) | (2)   GRANT LEAVE TO FILE FURTHER |
| ) |         MOTIONS |
| ) | |
| ) | TOGETHER WITH STATEMENT OF FACTS, |
| ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES AND |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel Karen P. Hewitt, United States Attorney, and A. Dale Blankenship, Assistant U.S. Attorney, hereby files its Response and Opposition to the motions filed on behalf of Roberto Chavez-Nunez (Defendant"). This Response and Opposition is based upon the files and records of this case.

//

//

//

# I

## STATEMENT OF THE CASE

On May 21, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant being a deported alien found in the United States, in violation of Title 8, United States Code, Section 1326. Defendant was arraigned on the Indictment on May 22, 2008, and entered a not guilty plea.

# II

## STATEMENT OF FACTS

### A.   INSTANT OFFENSE

On April 24, 2008, United States Border Patrol Agent Edward C. Caliri responded to a sensor activation in an area known as "Smuggler's Canyon," at approximately 12:05 a.m. Smuggler's Canyon is located approximately 200 yards north of the United States border, and four miles west of the San Ysidro, California, Port of Entry. This area is commonly used by undocumented aliens to unlawfully enter the United States.

When Agent Caliri arrived at the location of the sensor, he observed footprints and followed them north to an area known as the "Southern Crossover." When he arrived in the area of the Southern Crossover, Agent Caliri found two individuals attempting to conceal themselves in the brush. Agent Caliri conducted an immigration interview with both subjects. During the field interview, Defendant stated that he was a citizen of Mexico without documents that would allow him to enter or remain in the United States. Both individuals were arrested and taken to the Imperial Beach Border Patrol Station for processing.

At the Border Patrol Station, Defendant's fingerprints and photograph were entered into the Department of Homeland Security's databases. The database queries revealed that Defendant had a prior aggravated felony conviction and prior deportation.

### B.   POST-MIRANDA STATEMENT

Border Patrol Agent Ricardo Sepulveda advised Defendant of his <u>Miranda</u> rights in the Spanish language. Defendant invoked.

## C. DEFENDANT'S CRIMINAL HISTORY

On November 20, 1993, Defendant was convicted of inflicting corporal injury to spouse/cohabitant in violation of Cal. Penal Code § 273.5(a) and he was sentenced to 12 days jail and three years probation. On April 14, 1997, Defendant was convicted of unlawful sexual intercourse with a minor in violation of Cal. Penal Code § 261.5(d). Defendant was sentenced to 3 years incarceration.

## D. DEFENDANT'S IMMIGRATION HISTORY

On November 19, 1998, Defendant was ordered removed from the United States by an immigration judge. Defendant was removed pursuant to that order on November 19, 1998. Defendant's immigration documents reflect the A-Number 94 478 066. This number is incorrect. Defendant's correct A-Number is 92 478 066. Defendant's photograph and fingerprint appear on both the warrant of deportation. Defendant's fingerprint appears on the Warning to Alien Ordered Removed. The incorrect A-Number on the deportation documents appears to have been the result of a typographical error. Defendant's correct A-Number is 92 478 066.

## III

## DISCUSSION

### A. THE GOVERNMENT WILL COMPLY WITH ALL DISCOVERY OBLIGATIONS

The United States has and will continue to fully comply with its discovery obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. 3500), and Rule 16 of the Federal Rules of Criminal Procedure.[1] To date, the United States has produced 36 pages of discovery and one cd Defendant's counsel including investigative reports. The Defendant's deportation tape has been ordered, as has the Defendant's A-File. As of today, the United States has received no reciprocal discovery. The Government anticipates that all discovery issues can be resolved amicably and informally, and requests that no order be entered compelling specific discovery in light of the Government's position below.

---

[1] Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.

### 1. **Defendant's Statements**

The United States recognizes its obligation under Federal Rules of Criminal Procedure ("Rules") 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant his written statements and the substance of Defendant's oral statements. The United States has produced all of Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this time. If the United States discovers additional oral or written statements that require disclosure under the relevant Rules, such statements will be promptly provided to Defendant.

### 2. **Arrest Reports**

The United States does not object to this request and has already produced to Defendant all arrest reports known to the Government at this time.

### 3. **Prior Record**

The United States has provided Defendant with a copy of his known prior criminal record under Rule 16(a)(1)(D). See United States v. Audelo-Sanchez, 923 F.2d 129, 130 (9th Cir. 1990). Should the United States determine that there are any additional documents pertaining to the Defendant's prior criminal record, those will be promptly provided to Defendant.

### 4. **Evidence Seized**

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.

### 5. **Tangible Objects**

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy tangible objects that are within its possession, custody, or control, and that is either material to the preparation of Defendant's defense or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The United States, however,

need not produce rebuttal evidence in advance of trial. See United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

### 6. Preservation of Evidence

As stated above, the United States will preserve all evidence to which the Defendant is entitled pursuant to the relevant discovery rules.

### 7. Reports of Examinations and Tests

The United States will provide Defendant with any scientific tests or examinations in accordance with Rule 16(a)(1)(F).

### 8. Expert Witnesses

The United States will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Federal Rules of Evidence 702, 703 or 705. If this case proceeds to trial, the Government anticipates introducing expert testimony from a fingerprint examiner to establish Defendant's identity.

### 9. Brady Material

The United States has complied and will continue to comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963).

### 10. Giglio Material

The United States has complied and will continue to comply with its discovery obligations under Giglio v. United States, 405 U.S. 150 (1972).

### 11. Henthorn Material

The United States will comply with its obligations under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002) (citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992)). If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the

personnel files is "material," the information will be submitted to the Court for an <u>in camera</u> inspection and review.

### 12. Jencks Act Material

The United States will comply with its discovery obligations under the Jencks Act, Title 18, United States Code, Section 3500, and as incorporated in Rule 26.2.

### 13. Cooperating Witnesses

At this time, the United States is not aware of any confidential informants or cooperating witnesses involved in this case. The Government must generally disclose the identity of informants where: (1) the informant is a material witness, and (2) the informant's testimony is crucial to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957). If there is a confidential informant involved in this case, the Court may, in some circumstances, be required to conduct an <u>in camera</u> inspection to determine whether disclosure of the informant's identity is required under <u>Roviaro</u>. See <u>United States v. Ramirez-Rangel</u>, 103 F.3d 1501, 1508 (9th Cir. 1997). If the United States determines that there is a confidential informant or cooperating witness involved in this case, the United States will either disclose the identity of the informant or submit the informant's identity to the Court for an <u>in camera</u> inspection.

### 14. 404(b) Material

The United States will disclose, in advance of trial, the general nature of any "other bad acts" evidence that the United States intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). The United States has previously provided discovery of this conviction and will provide a copy of the reports related to this event.

### 15. Witnesses

The United States will provide a list of witnesses in its trial memorandum. The grand jury transcript of any person who will testify at trial will also be produced.

### 16. Alien File

The United States will make Defendant's A-file available for inspection at a time mutually convenient to the parties and will continue to perform its duty under <u>Brady</u> and the discovery rules to disclose all material exculpatory information or evidence favorable to Defendant that is contained

in the A-File. The documents in the A-File are not exculpatory. Most of the documents are highly incriminating in nature. The documents include numerous documents related to Defendant's immigration history and his criminal history. The documents establish that Defendant is an illegal alien with a felony criminal record who has been legally deported, removed from the United States, admonished of the criminal sanctions under 8 U.S.C. § 1326, and, despite the prior warnings, subsequently reentered the United States without applying for permission. The Government will provide all documents that fall within the scope of Rule 16.

### B. THE GOVERNMENT DOES NOT OBJECT TO DEFENDANT'S MOTION TO GRANT LEAVE TO FILE FURTHER MOTIONS PROVIDED THE MOTION IS BASED ON NEW INFORMATION

The Government does not object to the granting of leave to allow Defendant file further motions as long as the additional motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

## VI

## CONCLUSION

For the foregoing reasons, the United States requests that the Court deny Defendant's Motions, except where unopposed.

Dated: July 8, 2008.

                                          Respectfully Submitted,

                                          KAREN P. HEWITT
                                          United States Attorney

                                          S/ A. Dale Blankenship
                                          A. DALE BLANKENSHIP
                                          Assistant United States Attorney
                                          Attorneys for Plaintiff
                                          United States of America
                                          Email: Dale.Blankenship@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERTO CHAVEZ-NUNEZ,<br><br>　　　　　　Defendant. | )  Criminal Case No.  08CR1622-H<br>)<br>)<br>)  **CERTIFICATE OF SERVICE**<br>)<br>)<br>)<br>)<br>) |

IT IS HEREBY CERTIFIED THAT:

　　I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

　　I am not a party to the above-entitled action.  I have caused service of
**GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS:**

　　1.　COMPEL DISCOVERY; AND
　　2.　GRANT LEAVE TO FILE FURTHER
　　　　MOTIONS

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

　　**Norma Aguilar, Esq., Federal Defenders of San Diego, Inc.**
　　**Norma_Aguilar@fd.org**

　　I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

　　**None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

　　I declare under penalty of perjury that the foregoing is true and correct. Executed on July 8, 2008.

　　　　　　　　　　　　　　　　　　　　s/ A. Dale Blankenship
　　　　　　　　　　　　　　　　　　　　A. DALE BLANKENSHIP